**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James LEWIS, Defendant–Appellant.**

No. 89–6122.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 6, 1990.

Decided March 21, 1990.

---

Devon L. Gosnell (Argued), Frederick H. Godwin, Memphis, Tenn., Daniel Clancy, Asst. U.S. Attys., Office of the U.S. Atty., Jackson, Tenn., for plaintiff-appellee.

George Morton Googe (Argued), Jackson, Tenn., for defendant-appellant.

Before JONES and MILBURN, Circuit Judges, and RUBIN, Chief District Judge *.

MILBURN, Circuit Judge.

Defendant-appellant James Lewis appeals the sentence imposed under the Federal Sentencing Guidelines following his plea of guilty to violation of 18 U.S.C. § 3146(a)(2) for failing to report to a federal penal facility to serve a term of impris-

onment. For the reasons that follow, we affirm.

I.

On June 13, 1988, Lewis was sentenced to five years imprisonment for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and on July 18, 1988, he failed to report to the Medical Center for Federal Prisoners in Springfield, Missouri, to serve his sentence. On April 24, 1989, Lewis was indicted for violating 18 U.S.C. § 3146(a)(2), and on June 29, 1989, he entered a plea of guilty.

A presentence report was prepared pursuant to the Federal Sentencing Guidelines. Guideline § 2J1.6(a) carries a *base offense level* of six for a violation of 18 U.S.C. § 3146(a)(2) [1]. Nine levels were added because the underlying offense, violation of 21 U.S.C. § 841(a)(1), was punishable by a term of imprisonment of fifteen years or more. *See* Guideline § 2J1.6(b)(1). Two levels were deducted under Guideline § 3E1.1 because Lewis acknowledged his guilt and accepted responsibility, yielding a total offense level of thirteen.

*As to his criminal history*, Lewis had three prior convictions which produced a subtotal criminal history score of six. Lewis received two points for a 1984 conviction for conspiracy to possess, forge and utter stolen mail, one point for a 1987 conviction for tampering with a utility meter, and three points for the 1988 conviction for possession with intent to distribute a controlled substance. Two points were added to Lewis' criminal history score pursuant to Guideline § 4A1.1(d) [2] because the

---

* Honorable Carl B. Rubin, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

1. Section 2J1.6 provides:
   *Failure to Appear by Defendant:*
   (a) Base Offense Level: 6
   (b) Specific Offense Characteristics
   (1) If the underlying offense is punishable by death or imprisonment for a term of fifteen years or more, increase by 9 levels.
   (2) If the underlying offense is punishable by a term of imprisonment of five or more years, but less than fifteen years, increase by 6 levels.

   (3) If the underlying offense is a felony punishable by a maximum term of less than five years, increase by 3 levels.

2. Section 4A1.1 provides:
   *Criminal History Category*
   The total points from items (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
   (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

instant offense was committed while Lewis was on escape status from the sentence imposed on June 13, 1988. Lewis' total criminal history score of eight placed him in category IV, producing a sentence range of twenty-four to thirty months.

Lewis filed an objection to the presentence report because of the addition of the two points to his criminal history score pursuant to § 4A1.1(d). Lewis argued that the fact he committed the instant offense while under a criminal justice sentence had already been considered in setting his *base offense level* under § 2J1.6. If the two points were deducted, Lewis would have a criminal history score of six, placing him in category III with a sentence range of eighteen to twenty-four months. The government registered no objection to the presentence report.

At the sentencing hearing, the district judge rejected Lewis' objection to the addition of two points to his criminal history score, finding that the clear language of the Guidelines mandated addition of the two points under § 4A1.1(d). The district judge reviewed the presentence report calculations and concluded that Lewis was subject to a sentence range of twenty-four to thirty months. The district judge sentenced Lewis to thirty months imprisonment, to run consecutively to the five-year sentence imposed for the 1988 conviction. The district judge also imposed a $1,500 fine, a $50 special assessment, and a two-year period of supervised release. This timely appeal followed. The issue on appeal is whether the district court erred by adding two points to Lewis' criminal history score pursuant to Guideline § 4A1.1(d).

## II.

Appellate review of sentences imposed under the Guidelines is set forth in 18 U.S.C. § 3742, which provides in relevant part:

(e) *Consideration.*—Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

\*   \*   \*   \*   \*   \*

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.

*Id.; see United States v. Wilson,* 878 F.2d 921, 922 (6th Cir.1989).

■ The issue presented in this case is very similar to one which other circuits have addressed. For purposes of calculating a sentence under the Guidelines, failure to appear to serve a sentence is analogous to escape from custody because both offenses occur while the defendant is under a criminal justice sentence. Indeed, for failing to appear to serve his sentence, Lewis was placed on escape status. Both parties recognize the analogy to escape cases, and both parties have cited cases applying the relevant Guidelines to defendants convicted of escaping from custody.

■ Lewis argues that the addition of two points to his criminal history score pursuant to § 4A1.1(d) constitutes impermissible double counting because the underlying offense may be committed only while under a criminal justice sentence, and this factor was considered in setting the base offense level in § 2J1.6. Lewis principally relies upon two district court opinions holding that § 4A1.1(d) should not be ap-

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c) Add 1 point for each prior sentence not included in (a) or (b), up to a total of 4 points for this item.

(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, su-pervised release, imprisonment, work release, or escape status.

(e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.

plied in an escape case. *See United States v. Bell*, 716 F.Supp. 1207 (D.Minn.1989); *United States v. Clark*, 711 F.Supp. 736 (S.D.N.Y.1989). Noting a basic policy of the Guidelines to avoid double counting, the court in *Bell* held that a departure from the Guidelines was appropriate because "the Sentencing Commission inadequately considered the impact of § 4A1.1(d) in an escape case." *Id.* at 1211.

In *Clark*, the court held that "[w]here a defendant is being sentenced for escape ... application of § 4A1.1(d) constitutes impermissible double punishment." *Id.* at 737. The court observed that "[b]y also applying § 4A1.1(d) in calculating a defendant's Criminal History Category, the sentence for the crime of escape from custody is improperly enhanced, for a charge of escape will always carry with it the additional penalty of § 4A1.1(d)." *Id.* We do not find the district court opinions relied upon by Lewis to be persuasive. Furthermore, Lewis' position has been rejected by four circuits which have addressed the issue.

In *United States v. Ofchinick*, 877 F.2d 251 (3d Cir.1989), the defendant pleaded guilty to the offense of escape from custody and was sentenced to a custodial term of twenty-one months. The defendant appealed the sentence, arguing that the district court erred by adding two points to his criminal history score pursuant to § 4A1.1(d). The court rejected the defendant's argument, holding that the points were properly added pursuant to § 4A1.1(d). The court observed that a "defendant's criminal history is calculated independently of the offense level." *Id.* at 256 (quoting *United States v. Reyes–Ruiz*, 868 F.2d 698, 700 (5th Cir.1989)). The court noted that the criminal history category is used to impose more severe sentences for defendants having a criminal history. The court explained that for an offense under Guideline § 2P1.1(a)(1), the

failure to add points to a defendant's criminal history score pursuant to § 4A1.1(d) would subject a person who assisted an inmate to escape, yet had no criminal history, to the same sentencing range as the escaped inmate.[3] *Id.*

In *United States v. Goldbaum*, 879 F.2d 811 (10th Cir.1989), the defendant pleaded guilty to the offense of escape from custody, and he was sentenced to twenty-four months imprisonment pursuant to the Guidelines. The defendant argued that the district court erred in applying the Guidelines by adding three points to his criminal history score pursuant to §§ 4A1.1(d) and (e). *Id.* at 812. Applying principles of statutory interpretation, the court rejected defendant's argument and held that the clear language of the Guidelines specified enhancement of the criminal history score pursuant to §§ 4A1.1(d) and (e). *Id.* at 814.

The court held that "the Sentencing Guidelines must be interpreted as if they were a statute or a court rule." *Id.* at 813. The court added that "we follow the clear, unambiguous language if there is no manifestation of a contrary intent." *Id.* The court noted that the Guidelines are intended to be applied in a particular order, and "[w]here exceptions to the general rules of application are intended, express reference is made by the Sentencing Commission." *Id.; see, e.g.,* Guideline § 2C1.2, Application Note 2; Guideline § 2J1.2, Application Note 2; Guideline § 2T1.1, Application Note 5. The court observed, "As a general principle of statutory interpretation, if a statute specifies exceptions to its general application, other exceptions not explicitly mentioned are excluded." *Goldbaum*, 879 F.2d at 813. The court held that

> in the absence of any contrary intent we must apply the clear language of the guideline and presume that in formulating the base level specified for the crime of escape in Guideline § 2P1.1, the Sentencing Commission had in mind that un-

---

**3.** The court added in a footnote:

> [W]e do not imply that if a guideline could be applied only to a person in custody, if there is any such guideline, our result would be different. Inasmuch as guideline § 2P1.1(a)(1) applies whether or not the defendant is serving a

> criminal justice sentence of imprisonment, we are not concerned with a guideline which can be applied only to a person who commits an offense in custody.

*Ofchinick*, 877 F.2d at 256 n. 6.

der Guidelines §§ 4A1.1(d) and (e), points would be added to the particular defendant's criminal history category thereby enhancing the sentence. *Id.* at 813–14.

In *United States v. Vickers,* 891 F.2d 86 (5th Cir.1989), the court followed *Ofchinick* and *Goldbaum* and held that points were properly added to the defendant's criminal history score pursuant to § 4A1.1(d) where the defendant was convicted of escaping from custody. The court held that the Guidelines are to be viewed as statutes or court rules for purposes of construction and interpretation, and it would follow "the clear, unambiguous language of the Guidelines if there is no discernible manifestation of contrary intent." *Id.* at 88. Finding "no exception to the application of the enhancement provisions of Chapter Four of the Guidelines to the base offense level assigned to the offense of unlawful escape from custody," the court concluded that it must be presumed the Sentencing Commission contemplated that points would be added pursuant to § 4A1.1(d) where a defendant was convicted of escaping from custody. *Id.* at 88. In *United States v. Wright,* 891 F.2d 209 (9th Cir.1989), the Ninth Circuit reached the same conclusion, holding that § 4A1.1(d) is applicable to escape cases.

We find the reasoning of the Third, Fifth, Ninth and Tenth Circuits to be persuasive. The Guidelines should be interpreted as if they were a statute or a court rule, and we will "follow the clear, unambiguous language if there is no manifestation of a contrary intent." *Goldbaum,* 879 F.2d at 813. Although the Guidelines include exceptions to the general rules of application, there is no exception to the application of § 4A1.1(d) in calculating the criminal history score for the offense of failure to appear under § 2J1.6. "As a general principle of statutory interpretation, if a statute specifies exceptions to its general application, other exceptions not explicitly mentioned are excluded." *Goldbaum,* 879 F.2d at 813. Therefore, the clear language of the Guidelines should apply, and it may be presumed that in formulating the base offense level in § 2J1.6 for the crime of failure to appear, the Sentencing Commission was aware that points would be added to the defendant's criminal history score under § 4A1.1(d). *Id.* at 813–14.

The *Ofchinick* court's reasoning is also applicable to the present case. The offense category in *Ofchinick* was escape, instigating or assisting escape under § 2P1.1, which may be applied to persons not in custody if they assist an inmate to escape. 877 F.2d at 256. The *Ofchinick* court explained that application of § 4A1.1(d) in calculating the criminal history score was necessary to avoid subjecting a person with no criminal history to the same sentencing range as an escaped inmate who has a criminal history. *Id.*

The offense category under which Lewis was sentenced, § 2J1.6, may be applied to a person who is not under a criminal justice sentence. The background commentary on § 2J1.6 states, "This section applies to a failure to appear by a defendant who was *released pending trial,* sentencing, appeal, or surrender for service of sentence." (Emphasis added). Section 4A1.1(d) adds two points to a defendant's criminal history score if the offense was committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Thus, a person released pending trial could be sentenced under § 2J1.6 for failure to appear, and not have his criminal history score enhanced by § 4A1.1(d) because he did not commit the offense while under any criminal justice sentence.

We conclude that the Sentencing Commission intended for § 4A1.1(d) to be applied to an offense under § 2J1.6 to produce a stiffer sentence for one who failed to appear while under a criminal justice sentence. *See Wright,* at 211 ("It is not irrational or unlikely that ... when an escape is from confinement imposed by sentence, it should be punished more heavily than escape from some form of pretrial custody."). Therefore, the district court did not err by adding two points to Lewis' criminal history score pursuant to § 4A1.1(d).

### III.

Accordingly, the sentence imposed by the district court is AFFIRMED.