UNITED STATES of America, Appellee,

v.

Calvin THOMAS, Appellant.

No. 90–2378.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 8, 1991.

Decided April 9, 1991.

Arthur L. Allen, Little Rock, Ark., for appellant.

Pat Harris, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and SACHS[*], Chief District Judge.

JOHN R. GIBSON, Circuit Judge.

Calvin Thomas appeals his Guidelines sentence of 27 months imprisonment imposed by the district court[1] upon his guilty plea to one count of escape from a halfway house in violation of 18 U.S.C. § 751(a). The only issues raised on appeal by Thomas is that the court improperly applied U.S. S.G. § 4A1.1(d) and (e), adding a total of three points in computing his criminal history category because an offense was committed while he was under sentence and confined, and erred in refusing to depart downward from the Guidelines range. We affirm.

Thomas pleaded guilty to food stamp charges, was placed on probation and after its revocation was serving his sentence. After spending time in the federal correctional institution in Texarkana, Texas, he was transferred by the Bureau of Prisons to the St. Francis House Community Treatment Center in Little Rock, Arkansas. Shortly thereafter he left the St. Francis House without permission, was placed on escape status, and after his arrest was indicted for escape under 18 U.S.C. § 751(a). He entered a guilty plea to this charge.

The presentence report contained the Guideline calculations that were the basis for the sentence imposed upon Thomas. Thomas's total offense level was 11 (base level of 13 pursuant to § 2P1.1(a)(1) (escape when defendant is in custody for a conviction of any offense) with a 2-level reduction for acceptance of responsibility). The PSR calculated a criminal history category of V, based on 7 criminal history points for prior convictions, 2 points under § 4A1.1(d) for an offense committed while under a criminal justice sentence, and an additional point under § 4A1.1(e) for an offense committed while in confinement on a sentence of at least 60 days.[2] The resulting sentencing range was 24–30 months. The district court found that the PSR properly increased Thomas's criminal history category under § 4A1.1(d) and (e), and sentenced him to 27 months.

Thomas argues that the application of Guidelines § 4A1.1(d) and (e), adding consideration of the earlier sentence and confinement to the offense of escape, constituted impermissible double punishment in violation of his constitutional rights; and alternatively that the district court erred in refusing to depart from the resulting Guidelines range.

We are confronted for the first time with the question of whether § 4A1.1(d) and (e) can be applied to persons convicted of escape. Other circuits have approved the application. *See United States v. Goolsby*, 908 F.2d 861, 863–64 (11th Cir.1990) (per curiam); *United States v. Jimenez*, 897 F.2d 286, 287–88 (7th Cir.1990); *United States v. Carroll*, 893 F.2d 1502, 1509–11 (6th Cir.1990); *United States v. Vickers*, 891 F.2d 86, 87–88 (5th Cir.1989) (per curiam); *United States v. Wright*, 891 F.2d 209, 211–12 (9th Cir.1989); *United States*

---

[*] The Honorable Howard F. Sachs, Chief Judge, United States District Court for the Western District of Missouri, sitting by designation.

[1] The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

[2] Guideline § 4A1.1, *Criminal History Category* contains the following two subparagraphs:
(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
(e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.

v. *Goldbaum,* 879 F.2d 811, 813 (10th Cir. 1989); *United States v. Ofchinick,* 877 F.2d 251, 255–57 (3d Cir.1989).

These courts have applied a statutory-interpretation analysis to the Guidelines, concluding the unambiguous language of the enhancement provisions does not provide any exception for the offense of escape, indicating the Commission's intent that the enhancement provisions apply. *See, e.g., Vickers,* 891 F.2d at 88. The courts have further reasoned that because § 2P1.1 applies to escape from prison and from an arresting officer, as well as to assisting escape, it was not impermissible for the Commission to allow enhancement under § 4A1.1(d) or (e) when the crime is committed by a person who was incarcerated. *See, e.g., Goolsby,* 908 F.2d at 864; *Goldbaum,* 879 F.2d at 814; *Wright,* 891 F.2d at 211.

The courts have also rejected constitutional challenges to the application of these enhancement provisions. Application of the provisions does not violate the due process clause because the Guidelines as written give a defendant "fair notice of the punishment he face[s]." *See Ofchinick,* 877 F.2d at 256. Additionally, their application does not violate the double jeopardy clause because a defendant is only being punished for one crime with the sentence being affected by the defendant's prior criminal history. *See Wright,* 891 F.2d at 212.

■ As has been pointed out, there is a narrow but distinct difference between simple punishment for escape and the enhancement for crimes committed while under sentence. The interest of uniformity which is a central concern of current sentencing procedures is advanced when we align ourselves with the other circuits. Acknowledging that a double-counting argument can be plausibly made, as in *United States v. Bell,* 716 F.Supp. 1207 (D.Minn.1989), we choose to follow the other circuits and the decision below.

■ Thomas's remaining argument that a downward departure was warranted is not reviewable. *See United States v. Oransky,* 908 F.2d 307, 309 (8th Cir.1990).

Accordingly, we affirm the district court.