UNITED STATES of America, Appellee,

v.

Earl M. BURNETT, also known as Earl M. Burnett, II, also known as Earl M. Burnett, III, also known as Tad Burnett, Appellant.

No. 91–1734.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1991.

Decided Dec. 19, 1991.

Robert Creager, Lincoln, Neb., argued, for appellant.

Steven A. Russell, Asst. U.S. Atty., Lincoln, Neb., argued, for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGNUSON,* District Judge.

HENLEY, Senior Circuit Judge.

Earl M. Burnett appeals a sentence imposed by the district court following his guilty plea for failure to surrender for ser-

vice of sentence in violation of 18 U.S.C. § 3146. We affirm.

Burnett failed to appear for service of a five-year term of imprisonment arising from a 1989 conviction for mail and wire fraud in connection with the sales of vending machines. *See United States v. Burnett,* 909 F.2d 510 (8th Cir.1990) (unpublished per curiam). Sentencing Guidelines § 2J1.6(a) sets the base offense level for failure to appear for service of sentence at 11. In calculating Burnett's criminal history category, the district court assessed three points under § 4A1.1(a) for his underlying conviction. The court also assessed two points under § 4A1.1(d) because Burnett "committed the instant offense while under [a] criminal justice sentence." The court then sentenced Burnett to a fifteen-month term of imprisonment and a two-year period of supervised release.

Burnett argues that the assessment of three points under § 4A1.1(a) for the offense for which he failed to appear constitutes impermissible double-counting, reasoning that his conviction was a necessary element of the offense of failure to appear for service of a sentence. Burnett, however, acknowledges that in *United States v. Lewis,* 900 F.2d 877 (6th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 117, 112 L.Ed.2d 86 (1990), the court rejected a double-counting argument under § 2J1.6. In *Lewis,* the defendant, who also was convicted of failure to appear for service of a sentence, received three points under § 4A1.1(a) and two points under § 4A1.1(d). The defendant did not challenge the inclusion of points under (a), but argued that the addition of two points under (d) constituted impermissible double counting because the offense of failure to appear for service of a sentence could only have been committed while under sentence. The court rejected this argument, finding that the Guidelines provided no exception for the application of § 4A1.1(d) to a failure to appear for service of a sentence conviction.

* The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

The court concluded "that in formulating the base offense level in § 2J1.6 for the crime of failure to appear, the Sentencing Commission was aware that points would be added to the defendant's criminal history score under § 4A1.1(d)." *Id.* at 881.[1]

Burnett also acknowledges that in *United States v. Thomas*, 930 F.2d 12, 14 (8th Cir.1991), this court held that § 4A1.1(d) was applicable to persons convicted of escape. Although this court noted that a plausible double-counting argument could be made, this court nonetheless joined six other courts of appeal in rejecting the argument.[2]

Burnett attempts to distinguish *Lewis*, noting that at the time *Lewis* was decided § 2J1.6 did not differentiate between failure to appear for trial and failure to serve a sentence.[3] He also notes that § 2P1.1, the escape guideline at issue in *Thomas*, was applicable to escape from arrest, as well as escape from postconviction custody.

We are not persuaded. As stated in *Thomas*, "courts have applied a statutory-interpretation analysis to the Guidelines, concluding the unambiguous language of the enhancement provisions does not provide any exception for the offense of escape, indicating the Commission's intent that the enhancement provisions apply." 930 F.2d at 14. Likewise, § 4A1.1(a) does not provide an exception for the offense of failure to appear for service of a sentence. In addition, as the court in *Lewis* noted, "criminal history is calculated independent-ly of the offense level" and "is used to impose more severe sentences for defendants having a criminal history." 900 F.2d at 880 (quotation omitted).

■ Burnett also asserts that the assignment of points under both § 4A1.1(a) and § 4A1.1(d) constitutes "double" double-counting. Again, we disagree. In *United States v. Martinez*, 931 F.2d 851, 852–53 (11th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 268, —— L.Ed.2d —— (1991), the defendant, who also was convicted of failure to appear for service of a sentence, argued that the assignment of points under both sections violated the double jeopardy clause. The Eleventh Circuit rejected his argument, explaining that "assignment of points under both section 4A1.1(a) and section 4A1.1(d) does not punish Martinez more than once for the same offense, but rather only determines the severity of his single sentence." 931 F.2d at 853. The court also implicitly rejected a double-counting argument. The court stated that the "use of both sections in determining Martinez's criminal history category does not have the effect of prescribing greater punishment that the Guidelines intend." *Id.*

■ Burnett also argues that the district court erred in failing to grant him a reduction for acceptance of responsibility. At his December 1990 guilty plea hearing he offered a number of reasons for his failure to appear, including his fear of prison,

---

1. We note the recent case of *United States v. Manuel*, 944 F.2d 414 (8th Cir.1991). In *Manuel*, the defendant failed to appear for sentencing. He did not challenge the inclusion of three points under § 4A1.1(a) for his underlying conviction, but argued that the inclusion of points under § 4A1.1(d) was error because he technically was not under the criminal justice sentence. This court agreed but found the error was harmless. *Id.* at 417. *Manuel* is not dispositive here, because Burnett, unlike Manuel, failed to appear for service of a sentence.

2. In *Lewis*, the court relied on escape from custody cases, noting they were analogous to failure to appear for service of sentence cases "because both offenses occur while the defendant is under a criminal justice sentence." 900 F.2d at 879.

3. In *Lewis*, the court noted that because the previous version of § 2J1.6 applied to persons convicted of failure to appear for trial, as well as for failure to appear for sentence, not all persons convicted under § 2J1.6 would be subject to the enhancement under § 4A1.1(d). The court reasoned that "the Sentencing Commission intended for § 4A1.1(d) to be applied to an offense under § 2J1.6 to produce a stiffer sentence for one who failed to appear while under a criminal justice sentence." *Id.* at 881. Relying on escape from custody cases, the court, however, also noted that "failure to add points to a defendant's criminal history score pursuant to § 4A1.1(d) would subject a person who assisted an inmate to escape, yet had no criminal history, to the same sentencing range as the escaped inmate." *Id.* at 880 (footnote omitted) (citing *United States v. Ofchinick*, 877 F.2d 251, 256 (3d Cir.1989)).

automobile problems, death threats, temporary insanity, and misinformation from his attorney. In a January 23, 1991 letter to the district court, Burnett stated that "nobody is responsible for not showing up, but me." Burnett's assertion that the guilty plea and the letter entitled him to the reduction is without merit. *See United States v. Keene*, 915 F.2d 1164, 1170 (8th Cir.1990) (defendant not entitled to reduction for acceptance of responsibility when he attempted to justify conduct with "lame excuses"), *cert. denied,* ── U.S. ──, 111 S.Ct. 1001, 112 L.Ed.2d 1084 (1991); *United States v. Evidente*, 894 F.2d 1000, 1003 (8th Cir.) (defendant's guilty plea and belated letter of remorse insufficient to warrant reduction), *cert. denied,* 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990).

■ Last, Burnett argues that the district court erred in imposing employment restrictions on his two-year period of supervised release. As a condition of release, the court ordered that Burnett "shall be employed in a business which does not require travel and does not involve the sale of vending machines." Guidelines § 5F1.5 provides that a court may impose a condition on supervised release "prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which defendant may do so," if the court determines that the restriction is reasonably related to the offense and reasonably necessary to protect the public. We find no error with the restrictions prohibiting Burnett from employment in jobs involving travel and vending machine sales. *See United States v. Prouse*, 945 F.2d 1017, 1026 (8th Cir.1991) (upholding employment restrictions as reasonably related to the offense and protection of the public). Burnett, however, also argues that the court erred in failing to consider his age in requiring him to be employed. We, however, do not consider this argument. The two-year period of supervised release runs concurrent to a five-year term of probation arising from the fraud conviction, and a condition of probation already

requires that Burnett "shall maintain legitimate employment." [4]

Accordingly, the judgment is affirmed.

---

**4.** We note that another condition of probation requires that Burnett pay restitution of $248,-724.99 to the victims of the fraud. Whether this is possible in light of other factors in the case remains to be seen. We do not decide that question here and now.