USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 ____________________
 
No. 99-1536

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 KENNETH LEON MEADER,
 
 Defendant, Appellant.
 
 ______________________
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF MAINE
 
 [Hon. Morton A. Brody, U.S. District Judge]
 ______________________
 
 Before
 
 Torruella, Chief Judge,
 Lynch and Lipez, Circuit Judges.
 ______________________
 
 Walter F. McKee, with whom Lipman & Katz, P.A. was on brief,
for appellant.
 F. Mark Terison, Senior Litigation Counsel, with whom Jay P.
McCloskey, United States Attorney, was on brief, for appellee.

 ______________________
 
 November 15, 1999
 ______________________
 

 
 LYNCH, Circuit Judge. Kenneth Leon Meader appeals his
sentence for conspiracy to commit escape in violation of 18 U.S.C.
 371 and 751. Meader pled nolo contendere to conspiracy to
escape from the Kennebec County, Maine, jail where he was confined
while awaiting transfer to a federal facility to serve a sentence
for drug offenses. At sentencing, Meader first stated he wanted to
plead guilty, but upon questioning by the court he repeatedly
denied that he had intended to escape, and so a nolo plea was
taken. He raises two basic issues on appeal.
 In calculating Meader's criminal history category, the
district court added two points under U.S.S.G. 4A1.1(d) because
Meader was imprisoned at the time he committed the offense, and the
court added one point under 4A1.1(e) because Meader committed the
offense while serving a sentence that had produced more than one
criminal history point. The district court did not grant Meader a
three point reduction in the base offense level under U.S.S.G.
 2X1.1(b)(2) for an incomplete conspiracy. 
 Meader argues that increasing his criminal history
category under 4A1.1(d) and (e) constituted impermissible "double
counting" because his being imprisoned when he committed conspiracy
to escape is an element of that substantive offense contemplated in
the base offense level. Secondly, Meader argues that the district
court erred in failing to grant him a three point reduction for an
incomplete conspiracy. We affirm the district court's rulings
under 4A1.1(d) and (e) in calculating Meader's criminal history
category, and we remand the case for further proceedings on the
question of Meader's eligibility under 2X1.1(b)(2) for a three
point reduction in the base offense level.
"Double Counting"
 Meader's claim that the district court erred in
increasing his criminal history category under 4A1.1(d) and (e)
is foreclosed by the logic of our decision in United States v.
Sanders, 982 F.2d 4 (1st Cir. 1992). Sanders held that augmenting
both the defendant's base offense level and criminal history
category based upon his possessing a weapon did not constitute
impermissible double counting. See id. at 6-8. As in Sanders,
this case does not involve impermissible or unintentional results,
but rather an intent by the Guidelines to consider one factor in
two ways. That Meader's claim involves the factor of imprisonment
rather than possession of a firearm is of no consequence, nor does
it matter that this case arises under 4A1.1 rather than 4B1.4
as in Sanders. 
 Meader relies on United States v. Bell, 716 F. Supp. 1207
(D. Minn. 1989), which held that considering imprisonment under
 4A1.1(d) and (e) in an escape case results in impermissible
double counting. Sanders, however, expressly disagreed with Bell,
as have other courts of appeals. See Sanders, 982 F.2d at 8
(citing United States v. Thomas, 930 F.2d 12, 13-14 (8th Cir. 1991)
(collecting cases)). We reject Bell's reasoning as well. "Because
the guidelines are explicit when double counting is forbidden . .
. [a]n adjustment that clearly applies to the conduct of an offense
must be imposed unless the Guidelines expressly exclude its
applicability." United States v. Ellen, 961 F.2d 462, 468 (4th
Cir. 1992) (internal quotation marks and citations omitted). As we
stated in Sanders, "[i]t is not our place to rewrite the
Guidelines." Sanders, 982 F.2d at 8.
Reduction for Incomplete Conspiracy
 The second issue is more problematic. Under
 2X1.1(b)(2), Meader may receive a three point reduction in base
offense level unless he "completed all the acts . . . necessary .
. . for the successful completion of the substantive offense or .
. . [was] about to complete all such acts . . . ." See United
States v. Chapdelaine, 989 F.2d 28, 35-36 (1st Cir. 1993). The
reduction should not be granted if the substantive offense was
"substantially completed." See U.S.S.G. 2X1.1 commentary
(backg'd). The Presentence Report ("PSR") recommended that Meader
be granted this three point reduction. The district court declined
to follow this recommendation, but the record lacks an express
finding on whether the conspiracy to escape had been completed. 
Consequently, Meader claims that the district court erred in
failing to award him the reduction.
 At his sentencing hearing, Meader denied that the
conspiracy to escape had been completed. Moreover, Meader had
repeatedly claimed that he never intended to escape and that,
instead, his goal was to defraud other inmates (in order to pay
phone bills) by pretending he was going to escape and asking them
for money to assist him. In response, the government argued that
if Meader wished to continue to claim that he was only involved in
a scheme to defraud, such a scheme to defraud had been completed,
as Meader had succeeded in getting $300 from another inmate. The
government may also have been led to discuss the issue in terms of
a conspiracy to defraud by the fact that 18 U.S.C. 371, one of
the sections under which Meader was convicted, is titled
"Conspiracy to commit offense or to defraud United States"
(emphasis added). Most likely, it is this assertion by the
government that caused the confusion as to the basis for the
district court's ruling. The district court declined to award
Meader a reduction for an incomplete conspiracy, stating, "Since
the conspiracy to defraud was completed, no decrease is warranted
pursuant to Guideline [] 2X1, et al." (emphasis added). This
statement is the problem, as the relevant inquiry is whether the
conspiracy to escape -- the "substantive offense" charged -- had
been completed. See U.S.S.G. 2X1.1(b)(2). 
 The government counters with two points: that there is
ample evidence to support a finding that the conspiracy to escape
had been completed and that the district court inadvertently said
"defraud" when it meant to say "escape." In any event, the
government asserts, any error is harmless because Meader stays
within the original sentencing range, with or without the three
point reduction. Because we cannot say that the trial judge would
have reached the same sentence within the range, we put aside the
harmless error argument. Further, if we were confident that the
court's statement was a mere slip of the tongue, it would certainly
not have been clear error for the court to have concluded the
conspiracy to escape was substantially completed. But we lack such
confidence here where the government erroneously invited the court
to look at this as a conspiracy to defraud and where the PSR
recommended that the three point reduction be given on the basis
that the conspiracy to escape was not substantially completed. 
 There should be greater clarity that the proper question
was answered. The government's suggestion that we resolve this
factual question gives insufficient weight to the predominant role
of the trial judge in making the factual determinations that drive
sentencing decisions. See United States v. Tejada-Beltran, 50 F.3d
105, 110-11 (1st Cir. 1995). 
 Accordingly, we affirm the district court's decisions
under 4A1.1(d) and (e), and remand the case for proceedings
consistent with this opinion as to Meader's eligibility for a three
point reduction in base offense level under 2X1.1(b)(2). So
ordered.