# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3033

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Raul Madraso, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 17, 2007
Filed: December 21, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.


Raul Madraso pleaded guilty to possessing more than 50 grams of crack with intent to distribute; his 1995 felony drug conviction increased his mandatory minimum prison term to 20 years. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 851. The district court[1] sentenced Madraso to 240 months in prison and 10 years of supervised release. On appeal, his counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967). For the following reasons, we affirm.

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

First, Madraso's sentence is not unreasonable: 240 months was the statutory minimum, and the district court had no authority to depart or vary downward because the government did not move for a lower sentence based on substantial assistance and Madraso did not qualify for safety-valve relief. *See* 18 U.S.C. § 3553(e), (f); *United States v. Gregg*, 451 F.3d 930, 937 (8th Cir. 2006); *United States v. Chacon*, 330 F.3d 1065, 1066 (8th Cir. 2003). Second, Madraso's prior felony conviction was properly used to enhance his sentence. *See United States v. Thomas*, 930 F.2d 12, 14 (8th Cir. 1991) (no Double Jeopardy Clause violation). Third, it was within the government's discretion to file the sentence-enhancing section 851 information, absent any allegation that the decision was based on an improper factor. *See United States v. LaBonte*, 520 U.S. 751, 761-62 (1997). Finally, after reviewing the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

Accordingly, we grant counsel leave to withdraw, and we affirm the judgment.

_____