NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0441n.06

**Nos. 10-4447 & 10-4449**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 30, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

v.

**RAFIC JABER and HANANE JABER,**

    **Defendants-Appellants.**

_____/

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

BEFORE:    CLAY, COLE, and GILMAN, Circuit Judges.

**CLAY, Circuit Judge.** In this consolidated appeal, Defendants Rafic Jaber and Hanane Jaber appeal their respective sentences imposed by the district court for failure to appear for service of sentence in violation of 18 U.S.C. § 3146. For the reasons discussed below, the respective sentences imposed by the district court are **AFFIRMED**.

**BACKGROUND**

In 2005, Defendants Rafic Jaber ("Rafic") and Hanane Jaber ("Hanane"), husband and wife, pleaded guilty in the Northern District of Ohio to bankruptcy fraud and bank fraud in violation of 18 U.S.C. §§ 157 and 1344. On June 12, 2006, the district court sentenced Rafic and Hanane to terms of imprisonment of 14 months and 12 months, respectively. The district court ordered that Defendants serve their respective sentences consecutively, so that one parent would be available to take care of Defendants' minor children.

The district court permitted Defendants to self-surrender. Rafic was to surrender at Federal Corrections Institution ("FCI") Ashland on July 18, 2006, and Hanane was to surrender at FCI Marianna on July 25, 2007. After their release pending self-surrender, Defendants failed to report to pretrial services as required on June 28, 2006 and July 5, 2006. Rafic failed to report to FCI Ashland on July 18, 2006 as required, and Hanane failed to appear in the district court on October 30, 2006 for a show cause hearing.

It was later determined that Defendants and their children fled the United States to Lebanon. Although Defendants had surrendered their United States passports, Defendants did not disclose the existence of or surrender their Lebanese passports, which Defendants used to exit the United States. At some point, the U.S. Embassy in Lebanon learned of Defendants' presence in Lebanon and their intention to return to the United States. The Embassy relayed this information to the U.S. Marshals Service, which arrested Defendants on October 5, 2009, upon their arrival into the United States at Chicago O'Hare International Airport.

On October 7, 2009, Defendants were charged with failure to appear for service of sentence in violation of 18 U.S.C. § 3146. On February 16, 2010, Defendants pleaded guilty without a plea agreement, and separate sentencing hearings were thereafter held on November 1, 2010.

At the sentencing hearings, the district court began by calculating the applicable sentencing range under the United States Sentencing Guidelines (U.S.S.G. or "Guidelines"). The district court assigned each Defendant a Total Offense Level of 9, which was calculated by subtracting two points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) from a Base Offense Level of 11 for failure to appear pursuant to U.S.S.G. § 2J1.6(a)(1). The district court assigned 3 and 2 criminal

history points, respectively, to Rafic and Hanane on account of their sentences from the original 2006 fraud case. *See* U.S.S.G. §§ 4A1.1(a), (b). The district court also assigned 2 additional criminal history points to each Defendant for being on "escape status" pursuant to U.S.S.G. §§ 4A1.1(d) and 4A1.1.2(n) at the time of the instant offense, which resulted in each Defendant being assigned a Criminal History Category III.

With a Total Offense Level of 9 and a Criminal History Category III, the district court calculated each Defendant's Guidelines range to be 8 to 14 months of incarceration. Neither Defendant objected to the calculation. After considering the factors set forth in 18 U.S.C. § 3553(a), the district court sentenced each Defendant to 14 months of incarceration, to be served consecutively to the sentences previously imposed for bankruptcy and bank fraud.

Each Defendant timely appealed, and the cases were consolidated for purposes of appeal.

## DISCUSSION

### A. Standard of Review

Defendants challenge their respective sentences based on a claim that the district court engaged in impermissible double counting, which is a challenge to the procedural reasonableness of the sentence imposed by the district court. *See, e.g.*, *United States v. Lanning*, 633 F.3d 469, 477 (6th Cir. 2011). Procedural reasonableness considers "the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *United States v. Davis*, Nos. 09-5200/5201, 2011 WL 96513, at *12 (6th Cir. Jan. 12, 2011) (internal quotation marks and citation omitted). As this Court has explained:

> In reviewing sentences for procedural reasonableness[, the Court] must ensure that the district court: (1) properly calculated the applicable advisory Guidelines range;

(2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

*United States v. Bolds,* 511 F.3d 568, 581 (6th Cir. 2007).

Before evaluating the procedural reasonableness of Defendants' sentences, the Court must "determine what standard of review applies" by "determin[ing] whether [Defendants] preserved these claims for appeal." *Id.* In this case, because neither Defendant raised the issue of double counting below despite the opportunity to do so, the Court will review only for plain error. *See, e.g.,* *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Plain error means an "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 386 (internal quotation marks omitted).

## B.    Application

Defendants challenge their respective sentences on the basis that the district court engaged in impermissible double counting, arguing that the district court's addition of two criminal history points for being on "escape status" pursuant to U.S.S.G. § 4A1.1(d) is duplicative of the underlying offense of failure to appear for service of sentence.

"Impermissible 'double counting' occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways.'" *United States v. Levy*, 250 F.3d 1015, 1017 (6th Cir. 2001) (quoting *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999)). But as we have recognized, "not all instances of double counting are impermissible." *Farrow*, 198 F.3d at 194.

For instance, "we allow double counting where it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct." *Id.*; *see also United States v. Thompson,* 515 F.3d 556, 563 (6th Cir. 2008).

In *United States v. Lewis,* we held that the application of U.S.S.G. § 4A1.1(d) in the case of failure to appear under 18 U.S.C. § 3146 does not amount to impermissible double counting. 900 F.3d 877, 881 (6th Cir.), *cert. denied* 498 U.S. 840 (1990). The defendant in *Lewis* pleaded guilty to failure to appear in violation of 18 U.S.C. § 3146, and the district court subsequently enhanced his criminal history category for being on "escape status" pursuant to U.S.S.G. § 4A1.1(d). *Id.* at 878-79. The defendant appealed his sentence on the basis of impermissible double counting, namely that his "escape status" was counted both in the base offense level pursuant to § 2J1.6(a)(1) as an element of the crime, and in his criminal history category pursuant to § 4A1.1(d) as an enhancement.

We affirmed the district court's application of the enhancement for being on "escape status" pursuant to § 4A1.1(d), even though the defendant's "escape status" also factored into his base offense level under § 2J1.6(a)(1). Applying traditional canons of statutory interpretation, we reasoned that the language of § 4A1.1(d) is clear, and does not preclude application of the enhancement in cases involving failure to appear. *Id.* at 881. As a result, we held that the "clear language of the Guidelines should apply, and it may be presumed that in formulating the base offense level in § 2J1.6 for the crime of failure to appear, the Sentencing Commission was aware that points would be added to the defendant's criminal history score under § 4A1.1D." *Id.*

The decision in *Lewis* is directly on point and appears to foreclose Defendants' arguments on appeal. It is well settled that a "prior panel decision remains controlling authority unless an

5

inconsistent decision of the [U.S.] Supreme Court requires modification of the decision or this Court

sitting *en banc* overrules the prior decision." *Skyes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010).

Recognizing as much, Defendants urge us "to take a fresh look at the issue" in light of *United*

*States v. Booker*, 543 U.S. 220 (2005), and its progeny. Defendants provide only limited justification

for overruling *Lewis* in light of *Booker*, reasoning as follows in its entirety:

> *Lewis* was decided approximately fifteen years before the sentencing landscape was
> drastically changed by the United States Supreme Court in *Booker*. *Lewis*, and its
> progeny both in and outside this Circuit, includes language at direct odds with
> *Booker* in that the Guidelines were interpreted as if they were a statute or a court rule.
> These courts employed principles of statutory interpretation in their respective
> analyses, which only underscores that those courts applied the guidelines in a
> mandatary manner as they would with statutes and court rules.

(Defs.' Br. at 11.) Having considered Defendants' argument, we conclude that *Lewis* remains

controlling authority. *Booker* fundamentally altered federal sentencing law, but it did not undermine

our reasoning or holding in *Lewis*. *See, e.g.*, *United States v. Garcia-Carrdenas*, 555 F.3d 1049,

1050 (9th Cir. 2009) (reaffirming pre-*Booker* case law, where *Booker* and its progeny "do not

undermine or even affect the reasoning on which we relied").

*Lewis* held that any double counting under these circumstances was permissible because the

clear language of the Guidelines does not prohibit such double counting. Nothing in *Booker* would

undercut the viability of this holding, and in fact *Lewis*' reasoning continues to fit within the Court's

post-*Booker* case law regarding double counting. *See, e.g.*, *United States v. Basulto-Pulido*, 309 F.

App'x 945, 949 (6th Cir. 2009) ("[W]e allow double counting where it appears that Congress or the

Sentencing Commission intended to attach multiple penalties to the same conduct.") (internal

quotation marks and citation omitted). Moreover, to the extent *Lewis* applied traditional principles

of statutory interpretation to the Guidelines, this practice remains good law after *Booker*. *See, e.g.*, *United States v. Jackson*, 635 F.3d 205, 209 (6th Cir. 2011) ("In interpreting the Sentencing Guidelines, the traditional canons of statutory interpretation apply.").

Accordingly, because *Lewis* remains controlling law and dictates the result in this case, the district court did not commit plain error by applying the enhancement for being on "escape status" pursuant to § 4A1.1(d), even though Defendants were sentenced for failure to surrender for service of sentence. *See Skyes*, 625 F.3d at 319 (stating that a panel "is without authority to overrule binding precedent").

## CONCLUSION

For the reasons discussed above, the respective sentences imposed by the district court are **AFFIRMED**.[1]

---

[1]We briefly note, and reject, Defendants' additional argument, consisting of one sentence that states as follows: "[I]t is unclear from the record that the court below knew it was at liberty to disregard the application of [the Guidelines] to Appellant's case, or at least to disregard the impact the enhancement had on Appellate's advisory guideline range." (Defs.' Br. at 11-12.) Without any citation to the record or case law, and without any elaboration whatsoever, we find the argument to be waived. Even if it were not waived, it is clear from the sentencing hearing transcripts that the district court was aware that the Guidelines were advisory in nature. (*See, e.g.*, R. 39 at 12 (Hanane); R. 37 at 8 (Rafic).)