the sentence above the guideline range to reflect the nature of the conduct. Examples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation.

While §5K2.2 focuses solely on the extent of the physical injury, §5K2.8 focuses on the depravity of the defendant's conduct, and both the physical and mental aspects of the effect that the conduct had on the victim. For example, a victim could have extensive physical injuries as a result of negligent conduct that could not fall within §5K2.8, or, *vice versa* — extreme conduct could lead to prolonged humiliation but not extensive physical injuries.

Levy argues that the government's reliance on *United States v. Wright*, 119 F.3d 390 (6th Cir. 1997), is misplaced because the departure at issue in *Wright* was based upon an alternate application of §§5K2.2 and 5K2.8. Levy is correct in his assertion about the application of these provisions in the *Wright* case; however, in upholding the sentence, the *Wright* court stated, "[t]he text of these sections [5K2.2 and 5K2.8] explicitly covers Wright's conduct, and departing upward on the basis of any *or all* of the provisions was correct." *Id*. at 393 (emphasis added). Inasmuch as Levy argues that these provisions overlap and thus double count, his argument is without merit.

AFFIRMED.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0168P (6th Cir.)
File Name:  01a0168p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          *v.*                                     No. 00-3170

JERMAINE L. LEVY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 99-00279—David D. Dowd, Jr., District Judge.

Submitted:  April 26, 2001

Decided and Filed:  May 22, 2001

Before:  SILER and MOORE, Circuit Judges; STAGG,
District Judge.*

———————————

## COUNSEL

**ON BRIEF:**   Lawrence J. Whitney, Sr., BURDON & MERLITTI, Akron, Ohio, for Appellant.  Blas E. Serrano,

—————————

\* The Honorable Tom Stagg, United States District Judge for the Western District of Louisiana, sitting by designation.

1

ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

———————

**OPINION**

———————

SILER, Circuit Judge. Defendant Jermaine L. Levy appeals the sentence entered on his guilty plea to solicitation to commit a crime of violence in violation of 18 U.S.C. §373, retaliating against a witness, Raycine Smith, in violation of 18 U.S.C. §1513, and being an accessory after the fact under 18 U.S.C. §3. The district court increased the sentence by eight levels under USSG §2J1.2(b)(1) because the offense caused physical injury to Smith. It also departed upward under §5K2.2 because of the extent of her injuries and §5K2.8 because the retaliation involved extreme conduct. For reasons stated hereafter, we AFFIRM.

## I. BACKGROUND

In 1999, Levy was convicted of conspiracy to possess with the intent to distribute cocaine and tax evasion in the Northern District of Ohio and was sentenced to a ten-year term of imprisonment. Smith was subpoenaed to testify against Levy before a federal grand jury and advised Levy of her cooperation with the government.

After Levy's conviction but prior to his reporting to prison, Mario L. Levy, Jermaine Levy's cousin, threw sulfuric acid at Smith. As a result of the attack, Smith lost her right eye and suffered severe acid burns to her face, chest, arms and legs. Jermaine Levy had planned the attack on Smith with others, not parties to this appeal, to retaliate against her for cooperating with the government. Levy entered a guilty plea to the charges on the day of trial.

Before sentencing, the district court entered an order providing notice that it intended to depart *sua sponte* from the applicable sentencing range under USSG §§ 5K2.2, 5K2.8,

language of Application Note 4 makes it clear that a departure on account of bodily injury is a result that was intended by the Sentencing Commission. In cases in which a §5K2.2 departure is made, the eight-level increase under §2J1.2(b)(1) for physical injury would be appropriate.

Moreover, departure under §5K2.2 does not result from "precisely the same aspect of a defendant's conduct" that is considered under §2J1.2(b)(1). *Farrow*, 198 F.3d at 193. USSG §5K2.2 provides:

> If significant physical injury resulted, the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the extent of the injury, the degree to which it may prove permanent, and the extent to which the injury was intended or knowingly risked. When the victim suffers a major, permanent disability and when such injury was intentionally inflicted, a substantial departure may be appropriate. If the injury is less serious or if the defendant (though criminally negligent) did not knowingly create the risk of harm, a less substantial departure would be indicated. In general, the same considerations apply as in §5K2.1.

USSG §2J1.2(b)(1) was applied in this case because the offense caused physical injury, but §5K2.2 directs the district court to consider "the extent of the injury." An increase under §2J1.2(b)(1) is not triggered by "serious" physical or bodily injury as is the case in other guidelines. The district court's examination of whether conduct caused physical injury is separate from its examination of the extent of the physical injury and thus, such an analysis considers different aspects "of a defendant's conduct."

Likewise, the district court's departure under §5K2.8 was based on yet another aspect of the relevant conduct in this case. USSG §5K2.8 provides:

> If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase

4A1.1(d) and 4A1.3. Levy objected to an upward departure. After the sentencing hearing, the court ruled that it would depart upward under §§ 5K2.2 and 5K2.8. Accordingly, Levy received a sentence of 120 months to run consecutively to the 120—month sentence for his drug and tax evasion convictions.

## II.  DISCUSSION
### A. Standard of Review

"This court reviews the district court's findings of fact for clear error and gives *de novo* consideration to the application of the guidelines to the facts." *United States v. DeSantis*, 237 F.3d 607, 611 (6th Cir. 2001) (citing *United States v. Jarman*, 144 F.3d 912, 914 (6th Cir.1998)). We review "the propriety of a departure from the sentencing guidelines for abuse of discretion." *United States v. Wright*, 119 F.3d 390, 392 (6th Cir. 1997) (citing *United States v. Valentine*, 100 F.3d 1209, 1210 (6th Cir.1996)). An error of law in the application or interpretation of the Guidelines constitutes an abuse of discretion. *See Valentine*, 100 F.3d at1210 (6th Cir.1996) (citing *Koon v. United States*, 518 U.S. 81, 100 (1996)) ("The abuse—of—discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions."). The "Act authorizes district courts to depart in cases that feature aggravating or mitigating circumstances of a kind or degree not adequately taken into consideration by the Commission." *Koon*, 518 U.S. at 94.

### B.  Double Counting

Levy argues that the eight—level increase under §2J1.2(b)(1) for the specific offense characteristic of causing physical injury constituted improper double counting as it was the conduct for which he was convicted and was considered in formulating his base offense level. "Impermissible 'double counting' occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir.

---

graphically detailed the heinous nature of the crime and the severe physical and psychological injuries that Smith suffered. Levy did not cross-examine Smith's sister and does not contend that her testimony was inaccurate.

Levy also contends that upward departure under §§5K2.2 and 5K2.8 amounted to double counting because those provisions punish conduct taken into account in §2J1.2(b)(1). Although unclear, it appears that he also argues that double counting occurred because §§5K2.2 and 5K2.8 overlap each other in the same manner.

We said in *Farrow*:

Impermissible 'double counting' occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways.
* * *
[W]e allow double counting where it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct. These "exceptions" to our rule against double counting, if they can be characterized as such, derive from the principle that the Sentencing Guidelines "should be interpreted as if they were a statute," which in turn dictates that we "follow the[ir] clear, unambiguous language if there is no manifestation of a contrary intent."

*Farrow*, 198 F.3d at 193, 194 (quoting *United States v. Hayter Oil Co.*, 51 F.3d 1265, 1272 (6th Cir.1995) (quoting *United States v. Lewis*, 900 F.2d 877, 881 (6th Cir.1990))) (citation omitted). While the *Farrow* court was not considering the application of the same guidelines as involved in this case, reliance upon the general proposition that the Sentencing Guidelines "be interpreted as if they were a statute" defeats Levy's argument with regard to upward departure under §§5K2.2 and 5K2.8. Application Note 4 to §2J1.2 provides: "If a weapon was used, or bodily injury or significant property damage resulted, a departure may be warranted. See Chapter Five, Part K (Departures)." The

1999) (citing *United States v. Perkins*, 89 F.3d 303, 310 (6th Cir. 1996)).

USSG §2J1.2(a) provides the base offense level for obstruction of justice. The commentary to §2J1.2 lists 18 U.S.C. §1513 as one of the statutory provisions to which this guideline applies. *See also* USSG Appendix A. The background to §2J1.2 provides, "This section addresses offenses involving the obstruction of justice generally prosecuted under the above—referenced statutory provisions. Numerous offenses of varying seriousness may constitute obstruction of justice . . . ." 18 U.S.C. §1513(b) provides:

(b) Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for —
(1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or
(2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings given by a person to a law enforcement officer;
or attempts to do so, shall be fined under this title or imprisoned not more than ten years, or both.

The language of this statute thus criminalizes retaliations against witnesses that involve actual *or threatened* bodily injury. Accordingly, the base level applies to convictions under §1513 regardless of whether bodily injury occurred. Hence, the eight—level increase under §2J1.2(b) for specific offense characteristics does not take into account conduct that was already taken into account in setting the base offense level. Thus, double counting did not occur.

Levy also contends that the district court failed to make adequate factual findings to support upward departure. This argument is wholly without merit. The district court provided notice that it intended to depart under §§5K2.2 and 5K2.8. At the sentencing hearing, the district court cited *United States v. Cross*, 121 F.3d 234 (6th Cir. 1997), for its holding that upward departures could be applied to an aider and abettor who ordered or caused an attack. The district court then stated:

The Court makes the finding that even though the defendant was not the person who threw the acid on the victim, in the Court's mind, it's clear that he was instrumental in the orchestration of the offense.
I've given him the benefit of the doubt on role in the offense issue, but he is not entitled to benefit of the doubt as far as the infliction of this horrible injury upon the victim.

\*\*\*

I think it was entirely foreseeable that throwing acid on another human being would result in catastrophic injuries that happened here.
And so, the Court's going to — is going to increase — is going to depart upward four levels for the offense under 5K2.2, and the Court also finds that the provisions of 5K2. 8 apply, because this conduct was, even though the defendant's only an aider and abettor, was predictable and unusually heinous, cruel, debilitating and degrading to the victim.
And so, the Court will depart upward four levels on the offense for — under the provisions of 5K2.8.

The presentence report contained a detailed account of the offense conduct and the nature of Smith's injuries. The district court is allowed to accept as true all factual allegations in a presentence report to which the defendant does not object. *United States v. Ward*, 190 F.3d 483, 492 (6th Cir. 1999) (failure of defendant to object to factual findings of presentence report waives any future objections). The testimony of Smith's older sister at the sentencing hearing