**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth Stanley BAKER,**
**Defendant–Appellant.**

**No. 01–5857, 01–5858, 01–5859.**

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2002.

Before MARTIN, Chief Judge;
MOORE, Circuit Judge; WISEMAN,
District Judge.*

Kenneth Stanley Baker, a federal prisoner, appeals the district court's judgment after remand in criminal case nos. 96–20170 (52 counts of conspiracy, mail fraud, wire fraud, and use of a fictitious name to defraud) and 98–20009 (failure to appear). These two cases, along with a probation violation in case no. 89–20261, were consolidated for sentencing. This court consolidated the three appeals subsequently filed (Case No. 01–5857 appeals the judgment in 89–20261; Case No. 01–5858 appeals the judgment in 96–20170; and Case No. 01–5859 appeals the judgment in 98–20009) for briefing and decision. The parties

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Baker pleaded guilty to all counts of the indictments in case nos. 96–20170 and 98–20009. The district court sentenced him on April 14, 1999, to a total of 180 months in prison on those two indictments and the probation violation. In doing so, the court departed upward in both offense level and criminal history category, as explained in the court's statement of reasons. On appeal, a panel of this court affirmed Baker's convictions but vacated his sentence and remanded the case for resentencing. This court found that the district court's consideration of the amount of loss in conjunction with an enhancement under 18 U.S.C. § 2326 (age of victims) was an improper justification for an upward departure because the fraud guidelines already take into account the amount of loss. The case was remanded because this court could not determine whether the district court would still have increased Baker's offense level based upon the proper factor alone.

Following remand, the district court sentenced Baker on June 18, 2001, to a total of 151 months on the conspiracy and fraud counts, 15 months for failure to appear, and 14 months upon the application of USSG § 2J1.7 for the probation violation. These sentences were imposed to run consecutively for, again, a grand total of 180 months in prison. The district court also imposed three years of supervised release and restitution in the amount of $3,415,258. This sentence again resulted from the district court's upward departure from offense level 28 to offense level 30, and from criminal history category III to criminal history category V, for a guidelines sentencing range of 151–188 months.

On appeal, Baker argues that the district court erred when it increased his total offense level based upon the limited factors of criminal history and recidivism when his criminal history level was increased only to level V.

The propriety of a departure from the sentencing guidelines is reviewed for abuse of discretion. *Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Levy,* 250 F.3d 1015, 1017 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 316, 151 L.Ed.2d 236 (2001). "An error of law in the application or interpretation of the Guidelines constitutes an abuse of discretion." *Levy,* 250 F.3d at 1017. Upon review, we conclude that the district court did not abuse its discretion in this case.

Accordingly, the district court's judgment is affirmed.