**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Duane M. TRUAX, Defendant–
Appellant.**

No. 02–5059.

United States Court of Appeals,
Sixth Circuit.

June 6, 2003.

Before MOORE and GIBBONS, Circuit Judges; and SCHWARZER, District Judge.*

_____

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

## ORDER

Duane M. Truax, a federal prisoner, appeals the sentence imposed upon his conviction for first degree criminal abuse of a child, in violation of Ky. Rev. St. § 508.100(1)(a), as assimilated by 18 U.S.C. § 13(a). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Truax pleaded guilty to the above charge on June 8, 2001, without the benefit of a written plea agreement. He admitted that he had violently shaken his seven-week old son by the neck, and had done so three times before, at Fort Campbell Military Reservation. The presentence investigation report applied a six level enhancement for permanent or life-threatening injury and a two level enhancement for a vulnerable victim. Truax's resulting offense level was 20, his criminal history category was I, and the guidelines range of imprisonment was 33 to 41 months. Truax filed no objections. The government, however, moved for an upward departure, primarily due to the extent of the baby's injuries. The district court granted the departure pursuant to USSG §§ 5K2.2 and 5K2.3, departed upward to offense level 24, and sentenced Truax to 63 months in prison, 3 years of supervised release, and a $100 special assessment.

In his timely appeal, Truax argues that the upward departure based on USSG § 5K2.2 constituted impermissible double counting because the extent of the injury was taken into account by the six level enhancement for permanent or life-threatening injury. _See_ USSG § 2A2.2.

This court reviews de novo a district court's legal interpretation of the guidelines. *United States v. Smith,* 320 F.3d 647, 657 (6th Cir.2003). A district court's decision to depart upward from the applicable sentencing guideline range is reviewed for an abuse of discretion. *See Koon v. United States,* 518 U.S. 81, 82, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Levy,* 250 F.3d 1015, 1016 (6th Cir.), *cert. denied,* 534 U.S. 941, 122 S.Ct. 316, 151 L.Ed.2d 236 (2001).

■ The district court did not engage in impermissible double counting and did not abuse its discretion by departing upward. A district court engages in impermissible double counting if "the same aspect of a defendant's conduct factors into his sentence in two separate ways," and neither Congress, nor the Sentencing Commission intended to impose multiple penalties. *United States v. Farrow,* 198 F.3d 179, 193–94 (6th Cir.1999). Under 18 U.S.C. § 3553(b), Congress has authorized the court to depart from the guideline range where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." *Id.* The Sentencing Commission itself has explicitly encouraged departures in certain cases, such as where a victim has suffered significant physical injury. Guideline § 5K2.2 provides that:

> If significant physical injury resulted, the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the extent of the injury, the degree to which it may prove permanent, and the extent to which the injury was intended or knowingly risked. When the victim suffers a major, permanent disability and when such injury was

intentionally inflicted, a substantial departure may be appropriate. . . .

*Id.* Thus, a victim's significant physical injuries may be the basis for an enhanced sentence through the application of a specific guideline and also through an upward departure. *See United States v. Thomas,* Nos. 99–5318/5345, 2002 WL 169606, at *11–*12, 29 Fed.Appx. 241 (6th Cir. Jan. 31, 2002) (unpublished) (§ 2B3.1(b)(2)), *cert. denied,* 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 109 (2002); *United States v. Philiposian,* 267 F.3d 214, 219 (3d Cir. 2001) (§ 2A2.2(b)(3)(C)).

■ The district court considered at length both the extent of the baby's injuries and Truax's intent to cause injury. In pertinent part, the court commented:

> . . . the record clearly reflects the extent of the injury in this case. Dr. Greeley, the board certified pediatrician, when he examined the child, had a diagnosis of multiple bleeding of the brain, subarachnoid and subdural hemorrhaging, a number of retina hemorrhagings, the fractured clavicle. They thought that the child might die, at the time his prognosis was poor. Long-term prognosis is no better. And he strongly expected the child will have mental retardation, cerebral palsy, developmentally delayed, blindness and seizures, that the child, at the age of the child, was [sic] had no protective reflexes at all to the actions that were taken against it and that [in] his opinion significant force was used to cause this type of injury.
>
> . . .
>
> . . . I've never heard of anybody [else] picking a baby up, a seven week old baby up by the neck and shaking him. It just wasn't suiting your schedule. And I believe you, your intent was to make that baby quit crying and quit bothering you so that you could do what you wanted to do . . . you knew what

you were doing had a substantial risk of hurting the child.

Thus, the baby's permanent injuries are far beyond the typical case contemplated by § 2A2.2(b)(3)(C).

Accordingly, the district court's judgment is affirmed.