**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ricardo O'NEAL, Defendant–Appellant.**

No. 02–1346.

United States Court of Appeals, Sixth Circuit.

June 4, 2004.

---

Andrew B. Birge, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Ricardo Anthony O'Neal, Cumberland, MD, pro se.

Jeffrey M. Brandt, Brandt Law Offices, Cincinnati, OH, for Defendant–Appellant.

---

\* The Honorable Peter Beer, United States District Judge for the Eastern District of Louisi-

Before BATCHELDER and GIBBONS, Circuit Judges; and BEER, District Judge.\*

BEER, District Judge.

Defendant–Appellant Ricardo Anthony O'Neal appeals his sentence issued by the District Court. Defendant pled guilty pursuant to a plea agreement and was sentenced to 87 months followed by three years of supervised release. Finding no reversible error, we affirm the District Court.

I. In August, 2001, 24–year–old O'Neal was approached by officers who saw him on a bicycle with an open beer can. O'Neal attempted to flee, the police pursued him on foot, and he fell off the bicycle. The officers then saw a semi-automatic pistol lying in the grass about where his stomach area would have been located as he lay on the ground. Because O'Neal had been convicted in 1997 of possession with intent to deliver cocaine, he was charged with being a convicted felon in possession of a firearm.

O'Neal pled guilty, signing a written plea agreement in which he agreed, among other things, to cooperate and to waive any appeal of a sentence less than the statutory maximum of ten years in prison. O'Neal pled guilty to the Indictment before United States District Judge Richard Alan Enslen. During the proceeding the Court and the Defendant engaged in a lengthy discussion regarding the plea agreement and other matters. At one point in his discussion with O'Neal, the Court said,

... And although the plea agreement says to the contrary, you have the right to appeal. Your right is limited to appeal by a plea of guilty, but still there is

ana, sitting by designation.

a right there. Your plea agreement says you've given it up, but that can't be true because that means if I make a mistake today or when I sentence you that's against the law, by mistake you would have no right to appeal. That can't be the law, and that's not the law, even though you agreed to give up that right, you cannot give it up; do you understand that?

Without objection from O'Neal, the pre-sentence report recommended that O'Neal's base offense level was 24, because he had a prior felony controlled substance offense (his 1997 conviction of possession with intent to distribute at age 20) and a prior crime of violence (his conviction of attempted larceny from a person at age 17). O'Neal also had several juvenile convictions. The pre-sentence report recommended a final offense level of 21, representing a three level reduction from his initial offense level, and a guideline range of 70 to 87 months. On this basis Judge Enslen sentenced O'Neal.

O'Neal now appeals this sentence, contending that he has a right to appeal regardless of the plea agreement because Judge Enslen's comments in open court rendered his agreement not to appeal his sentence unenforceable and that his prior crime of violence occurred when he was a juvenile and, therefore, was not properly included in the pre-sentence evaluation.

The government responds that the judge cannot amend a written plea agreement and that there was no error by the pre-sentence report's recommendation because his attempted larceny conviction was classified as an "adult conviction".

■ II. This Court reviews *de novo* whether the defendant waived his right to appeal pursuant to the plea agreement. *United States v. Fleming,* 239 F.3d 761, 763 (6th Cir.2001). Defendant knowingly and voluntarily waived his right to an ap-

peal in a written plea agreement. Judge Enslen's concerned reiteration of the Defendant's right to appeal does not control the matter at issue here. A trial court is not empowered to unilaterally amend a written plea agreement. *See id.* at 764–65; Fed. Rules Cr. Proc. Rule 11.

Since Defendant O'Neal chose not to object to the scoring in the pre-sentence report, the trial court was entitled to rely on the pre-sentence report's representation that both his drug and violent felony convictions were adult adjudications. *See United States v. Levy,* 250 F.3d 1015, (6th Cir.2001).

■ Defendant claims that if he is unable to succeed in his objection to use of the attempted larceny conviction, it is because his counsel was constitutionally ineffective in failing to object to the pre-sentence report. The Sixth Circuit held in *Davila v. United States,* 258 F.3d 448, 451 (6th Cir.2001), that a waiver of the right to appeal effectively foreclosed the defendant's right to bring a petition based on the claim of ineffective assistance of counsel pursuant to U.S.C. § 2255. The Court cited the Fifth Circuit case of *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994), that held where the defendant fully understood and voluntarily approved of his plea, he may not bring a collateral attack under § 2255.

III. Accordingly, for these reasons, the District Court is AFFIRMED.