NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0595n.06
Filed: July 13, 2005

No. 04-5935

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

SHAUN LYNN BONDURANT,

     Defendant-Appellant.

_____/

On Appeal from the
United States District
Court for the Western
District of Tennessee

BEFORE: BOGGS, Chief Judge, and GIBBONS, Circuit Judge; QUIST, District Judge.[*]

     **PER CURIAM.** Defendant, Shaun Lynn Bondurant, pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The Presentence Investigation Report recommended a total offense level of 27, with a sentencing range of 130 to 162 months. The offense level included a four-level enhancement because Bondurant possessed 8 to 24 firearms, *see* U.S.S.G. § 2K2.1(b)(1)(B), plus a two-level enhancement because stolen firearms were possessed, *see* U.S.S.G. § 2K2.1(b)(4), plus a four-level enhancement because the firearms were possessed in connection with another felony offense, namely, conspiracy to manufacture methamphetamine, *see* U.S.S.G. § 2K2.1(b)(5). Bondurant's offense level was reduced by three points for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Bondurant filed no objection to any factual statement in the

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Presentence Investigation Report. He objected solely to the fact that none of the enhancements were submitted to the jury to be determined beyond a reasonable doubt.

The statutory maximum for the single charge to which Bondurant pled guilty was 120 months. Therefore, Bondurant's sentence could not be "stacked" to run consecutively to meet the bottom of the Guideline range. The district court held that *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), was not applicable to the United States Sentencing Guidelines and sentenced Bondurant to 103 months.

Bondurant filed a timely appeal. The only issue presented for review is whether Bondurant's Sixth Amendment rights were violated in light of *Blakely*.

Bondurant's rights under the Sixth Amendment were not violated. *Blakely* and the subsequent case of *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), make clear that, if the United States Sentencing Guidelines are mandatory rules that must be applied by district courts, "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury must be admitted by a defendant or proved to a jury beyond a reasonable doubt" or else the Sixth Amendment is violated. *Booker*, ___ U.S. ___, 125 S.Ct. at 756.

In this case, no Sixth Amendment violation occurred because Bondurant admitted the facts that gave rise to the enhancements. Under this court's precedent, the district court "is allowed to accept as true all factual allegations in a presentence report to which the defendant does not object." *United States v. Levy*, 250 F.3d 1015, 1018 (6th Cir. 2001); *see also, United States v. Williams*, __ F.3d __, 2005 WL 1384355, at *2 (6th Cir. June 9, 2005); *United States v. Stafford*, 258 F.3d 465,

475-76 (6th Cir. 2001).  Further,  the failure of the Bondurant to object to the factual allegations in a presentence report waives any future objections.  *United States v. Ward*, 190 F.3d 483, 492 (6th Cir. 1999).[1]  Thus, the district court could properly apply the enhancements because the facts supporting these enhancements were set forth in the presentence report[2] and Bondurant did not contest the validity of these factual allegations.

However, it is plain error in this circuit to sentence a person under the presumption that the Guidelines were mandatory.  *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005).  The district court can exercise its discretion to sentence Bondurant above or below the now advisory Guidelines.  The record in this case does not indicate how the district court would have sentenced Bondurant had the court known that the Guidelines were advisory.

Therefore, we affirm the district court's application of the Guidelines, but we vacate Bondurant's sentence and remand the case for resentencing under *Booker*.

---

[1]Bondurant argues that he "objected to the factual allegations of offense conduct promulgated by the probation office," (Appellant's Br. at 7), but a review of his objections indicates that he did not.  (J.A. 9.)  Rather, his objections rested upon a *Blakely* argument and not that the facts contained in the presentence report were inaccurate.  While the distinction we draw between an objection to the facts as set forth in the presentence report and the process by which the facts were found is a fine one, it is justified here by the defendant's failure to reference the presentence report's factual determinations in his objections.

[2]With respect to the number of guns Bondurant possessed, *see* J.A. 27-29.  With respect to the fact that the guns were stolen, *see* J.A. 27-29, 31.  With respect to the fact that Bondurant possessed a gun in connection with a felony (conspiracy to manufacture methamphetamine), *see* J.A. 30-31.