NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1192n.06

No.  12-5105

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 20, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| BURCHELL DAVID WAGERS, | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| Defendant-Appellant. | ) | KENTUCKY |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Burchell David Wagers, who is represented by counsel, pleaded guilty to aiding and abetting the manufacturing of counterfeit United States currency in violation of 18 U.S.C. §§ 2 and 471.  He was sentenced to forty-five months of imprisonment and three years of supervised release.  Wagers now appeals the district court's judgment.

While awaiting sentencing, Wagers violated the terms of his pretrial release by testing positive for methamphetamine.  As a result, at sentencing the district court refused to reduce Wagers's offense level for acceptance of responsibility.  *See* USSG § 3E1.1.  Wagers argues that the district court committed clear error in denying him a sentence adjustment for acceptance of responsibility because his presentence report did not indicate that his drug use was a motivating factor for the counterfeiting offense.

The advisory sentencing guidelines provide for a two-level reduction in offense level for a defendant who clearly demonstrates acceptance of responsibility for his offense.  USSG § 3E1.1(a).

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

When determining whether a defendant qualifies for a section 3E1.1(a) reduction, a district court may consider the defendant's "voluntary termination or withdrawal from criminal conduct or associations." USSG § 3E1.1, cmt. n.1(B). This commentary refers to "conduct which is related to the underlying offense," including conduct that "may be the *motivating force* behind the underlying offense." *United States v. Morrison*, 983 F.2d 730, 735 (6th Cir. 1993) (emphasis in original).

The defendant "bears the burden of showing by a preponderance of the evidence that he accepted responsibility for the crime he committed." *United States v. Roberts*, 243 F.3d 235, 241 (6th Cir. 2001). The sentencing judge's determination concerning a defendant's acceptance of responsibility is entitled to great deference. USSG § 3E1.1, cmt. n.5; *United States v. Genschow*, 645 F.3d 803, 813 (6th Cir. 2011). A district court's factual determination as to whether a defendant has accepted responsibility is reviewed for clear error, *Genschow*, 645 F.3d at 813, and it "will not be overturned unless it is without foundation." *Morrison*, 983 F.2d. at 732.

Wagers argues that his counterfeiting scheme was not motivated by his intent to obtain drugs. He contends that he merely assisted his co-defendants in making counterfeit money and that even if obtaining drugs was the end result of the scheme, the goal was to help his co-defendants obtain drugs, and not to obtain drugs for himself.

Wagers ignores the uncontested facts in his presentence report that: 1) he has an ongoing habit of abusing pain pills; 2) he admitted that the purpose of the counterfeiting scheme was to buy drugs; 3) the actual use of the counterfeit money was to buy pain pills and marijuana; 4) he and his co-defendants were smoking marijuana while they made the counterfeit money; and 5) Wagers's age and position was advanced in comparison with his co-defendants. These facts provided a foundation for the district court's determination that Wagers's drug use was a motivating factor in the counterfeiting offense. *See United States v. Levy*, 250 F.3d 1015, 1018 (6th Cir. 2001); *Morrison*, 983 F.2d at 735. Accordingly, Wagers has not shown that the district court's denial of credit for acceptance of responsibility was clearly erroneous. *See Morrison*, 983 F.2d at 732.

The district court's judgment is affirmed.